**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Laura Malik                 \*    Case No. 3:20-cv-2170
5117 Belfort Drive
Perrysburg, OH 43551      \*    Judge

            Plaintiff,   \*    Magistrate Judge

v.

                         \*

The University of Toledo d/b/a The     __COMPLAINT__
University of Toledo Medical Center    \*
3000 Arlington Ave.                   **JURY DEMAND ENDORSED HEREON**
Toledo, OH 43614           \*

                         \*

          Defendant.   \*

                         \*

Now comes Plaintiff Laura Malik ("Plaintiff" or "Ms. Malik"), through undersigned counsel, for her Complaint against the University of Toledo d/b/a The University of Toledo Medical Center (hereinafter "Defendant" or "UTMC"), and hereby states as follows:

## I.    __INTRODUCTION__

1.      This action seeks compensatory, liquidated, and punitive damages, pre-judgment and post-judgment interest, costs, back pay, front pay, and attorney's fees under federal law against Defendant for: (1) age discrimination in violation of 29 U.S.C. § 623, *et seq.*, the Age Discrimination in Employment Act of 1967, as amended, ("ADEA") and (2) retaliation in violation of 29 U.S.C. § 623(d), *et seq.* of ADEA.

2.      After approximately 14 years of loyal service, Ms. Malik was terminated by UTMC because of her age and/or in retaliation for protesting age discrimination.

II.     **JURISDICTION AND VENUE**

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the ADEA.

4.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, as Plaintiff entered into an employment relationship with Defendant in this judicial district, Defendant is doing and has done substantial business in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Ohio, Western Division.

III.    **PARTIES**

5.      Plaintiff is a resident of Perrysburg, Wood County, Ohio.

6.      Defendant is public university with its principal place of business in Toledo, Ohio, which employed Plaintiff at UTMC during all times relevant as indicated herein.

7.      Upon information and belief, Defendant conducts substantial business activity in the Northern District of Ohio, Western Division.

8.      Plaintiff was an "employee" as defined in the ADEA.

9.      Defendant was an "employer" as defined in in the ADEA.

IV.     **PROCEDURAL REQUIREMENTS**

10.     This Complaint is being timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue letter ("NRTS") from the U.S. Equal Employment Opportunity Commission ("EEOC"). As such, Plaintiff has satisfied all procedural requirements prior to commencing this action.

V.      **FACTS**

11.     Plaintiff began her employment with UTMC on or about February 14,  2005.

12.     During her employment, Plaintiff rose within the ranks at UTMC, ultimately reporting directly to Nabil Ebraheim, MD, the clinic's primary surgeon, and Allen Seifert, UTMC's Hospital Administrator.

13.     At the time of her termination, Plaintiff was employed as the Administrative Manager for the Orthopaedic Clinic ("Clinic") at UTMC's Health Science Campus, a position she held for approximately 4 years.

14.     On or about February 19 and 20, 2019, Ms. Malik filed a complaint of age discrimination with UTMC's Human Resources ("HR") against UTMC's Department of Orthopaedics ("Department"), alleging that her job duties had been taken away and diverted by management to substantially younger employees.

15.     At the same time, Ms. Malik complained to HR that management's decision to restructure the Department was also based on age, as she learned that she would now be reporting to a substantially younger, previously subordinate employee, a decision that she reasonably believed to also be made based on her age, based on comments made directly by the clinic's primary surgeon, Dr. Ebraheim, to Plaintiff, notably that supervision over the clinic's employees would be directed to one of Plaintiff's substantially younger colleagues, as Plaintiff wasn't young enough to relate to the staff members.

16.     At this time, for all intents and purposes, Ms. Malik's role as Administrative Manager within the Clinic was relegated to largely menial tasks, while she was technically still responsible for the Clinic's administrative oversight by title alone. However, for all intents and purposes, Ms. Malik's job duties had completely changed and reassigned to her substantially younger employees.

17.     Upon information and belief, on or about February 22, 2019, Ms. Malik's complaint of said age discrimination was then transferred to the University of Toledo's Office of Equal Opportunity and Affirmative Action whereupon that office conducted an investigation.

18.     During the investigation, upon information and belief, UTMC interviewed individuals named by Plaintiff concerning her complaints of age discrimination, including but not limited to Plaintiff's direct managers.

19.     According to notes made by the investigator, at least one witness reported during the investigation that the witness had overheard comments about Plaintiff's age within the Clinic, specifically that: "[Laura Malik]'s expired," "she's outlived or out-worked her limits," and "we need new ideas."

20.     Nevertheless, on or about July 26, 2019, UTMC deemed Plaintiff's complaints of age discrimination "unsubstantiated" and closed the matter.

21.     Days later, on or about August 1, 2019, Plaintiff received another letter from UTMC, which notified her of her termination via "Involuntary Separation" from UTMC. Upon information and belief, the termination was approved by Allen Seifert, UTMC's Hospital Administrator.

22.     While the termination letter did not provide a reason for the termination, Plaintiff was informed that she was no longer qualified for the position, which was management's decision.

23.     Upon information and belief, Plaintiff has been replaced, or her duties otherwise directed to substantially younger, less senior employees within the Department at UTMC.

VI.     **CAUSES OF ACTION**

**COUNT I**
**(Age Discrimination—ADEA, 29 U.S.C. § 623)**

24.     Plaintiff restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

25.     At all times relevant hereto, Plaintiff was over forty (40) years of age. Plaintiff is currently 53 years of age.

26.     During her employment, Plaintiff successfully performed the duties and responsibilities of her position.

27.     At the time of her termination, Plaintiff was employed as the Administrative Manager for the Orthopaedic Clinic at UTMC's Health Science Campus, a position that she held for several years, after advancing internally over approximately 14 years of employment with UTMC.

28.     In the months prior to Plaintiff's termination, Plaintiff noticed that her job duties were slowly transferred to other employees within the Department, each of whom was substantially younger than Plaintiff. Furthermore, Plaintiff now reported to a substantially younger, previously subordinate, colleague.

29.     Plaintiff also learned from a colleague that her age had been discussed openly within the Department, particularly within the Clinic, as she was considered antiquated by management and she was warned that she would soon be terminated.  Plaintiff was terminated by UT on or about August 1, 2019.

30.     Upon information and belief, Plaintiff has been replaced by a substantially younger, less senior employee. Alternatively, a substantially younger employee has been reassigned to perform Plaintiff's duties.

31.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer lost wages and benefits.

32.     Defendant willfully discriminated against Plaintiff in that Defendant knew or showed reckless disregard for the fact that its conduct was prohibited by the ADEA.

33.     Defendant's actions have resulted in age discrimination against Plaintiff in violation of the ADEA, for which Plaintiff seeks compensatory, liquidated, and punitive damages, and for lost benefits from Defendant, plus interest, costs, and attorneys' fees in an amount to be determined at trial.

## <u>COUNT II</u>
**(Retaliation—ADEA, 29 U.S.C. § 623(d))**

34.     All of the preceding paragraphs are realleged as if fully rewritten herein.

35.     Plaintiff engaged in protected activity under the ADEA in that she filed a complaint or otherwise participated in a proceeding or investigation of age discrimination at UTMC.

36.     After Plaintiff engaged in protected activity under the ADEA, she suffered an adverse employment action, including but not limited to the elimination of Plaintiff's job duties, replacement or reassignment of her duties, and, ultimately, termination.

37.     Given the fact that Plaintiff was employed as the Administrative Manager for the Orthopaedic Clinic at UTMC's Health Science Campus for several years, coupled with the sheer timing of her termination within days of the conclusion of the investigation into her workplace complaints of age discrimination, it is reasonable to conclude that Plaintiff's protected activity is causally connected to her termination.

38.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer lost wages and benefits.

39.    Defendant willfully discriminated against Plaintiff in that Defendant knew or showed reckless disregard for the fact that its conduct was prohibited by the ADEA.

40.    Defendant's actions have resulted in age discrimination against Plaintiff in violation of the ADEA, for which Plaintiff seeks compensatory, liquidated, and punitive damages, and for lost benefits from Defendant, plus interest, costs, and attorneys' fees in an amount to be determined at trial.

## VII.    <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Defendant's actions have resulted in age discrimination and retaliation against Plaintiff in violation of the ADEA, for which Plaintiff seeks compensatory, liquidated, and punitive damages; lost benefits; plus interest, costs, and attorneys' fees in an amount to be determined at trial.

Respectfully submitted,

**BRYANT LEGAL, LLC**

<u>/s/ Matthew B. Bryant</u>
Matthew B. Bryant (0085991)
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Mbryant@bryantlegalllc.com

*Attorney for Plaintiff*

## <u>JURY DEMAND</u>

Plaintiff requests a trial by a jury of twelve (12) persons to hear all issues so triable.

<u>/s/ Matthew B. Bryant</u>
Matthew B. Bryant (0085991)
*Attorney for Plaintiff*